IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE L. WASKO,** | : | 3:11cv618 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **COVENTRY HEALTH AND LIFE INSURANCE COMPANY** *d/b/a HealthAmerica*, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Coventry Health and Life Insurance Company's ("Coventry") motion to dismiss the complaint, or, alternatively, for a more definite statement. (Doc. 2). The motion has been fully briefed and is ripe for disposition.

**BACKGROUND**

Plaintiff Stephanie Wasko ("Wasko") applied for health insurance with Coventry on August 17, 2008. (Compl. ¶ 3). Coventry then issued a health insurance policy to Wasko effective October 1, 2008 in return for a premium. (Id. ¶ 10).

On October 13, 2008, Wasko had back pain "more intensely than ever before. . . ." (Id. ¶ 13). Wasko's doctors determined after several months that Wasko suffered from spondylolisthesis and spondylolysis which surgery would alleviate. (Id. ¶ 14).

Wasko's doctor "faxed a pre-certification coverage request to [Coventry] for posterior lumbar interbody fusion surgery on or about January 20, 2009." (Id. ¶ 15). Coventry approved the procedure but rejected the benefits request for a "CAPSTONE Spinal System as not medically necessary or otherwise experimental and investigational." (Id. ¶ 16). Wasko had surgery on January 29, 2009. (Id. ¶ 17). Coventry paid

for the surgery.  (Id. ¶ 18).

According to Wasko, Coventry investigated Wasko's medical background after realizing the cost of Wasko's medical condition.  (Id. ¶ 19).  Coventry informed Wasko by letter on February 24, 2009 that her coverage was rescinded due to "a medical history of chronic back trouble including Spondylolisthesis and lumbar disc displacement at L5/S1 and herniated disc at L4-5" and citing "a history of MRI and x-rays diagnosing and monitoring the above back condition that were not disclosed on the Application."  (Id. ¶¶ 20, 21).  Coventry also explained that Wasko's application did not reveal that she took Vicodin and Flexeril.  (Id. ¶ 22).

Wasko alleges that she answered all application questions truthfully and was never further questioned before being issued coverage.  (Id. ¶¶ 6-9).  Wasko alleges that her application accurately represented that she had back pain requiring Vicodin and that she had "consulted or sought treatment, had treatment recommended, received treatment, been surgically treated or been hospitalized for" "an X-ray, electrocardiogram, cardiac catheterization, or any laboratory test or study."  (Id. ¶¶ 24-27).

Wasko alleges that she had no diagnosis for her back pain at the time of her application, and that her doctors told her in June 2007 and January 2008 that she did not have spondylolisthesis or spondylolysis.  (Id. ¶ 28-2009).  Wasko alleges she was not prescribed Flexeril until after her application.  (Id. ¶ 30).

In accordance with Coventry's letter of February 24, 2009, Wasko requested reconsideration of Coventry's recision on March 9, 2009.  (Id. ¶¶ 32-33).  On April 17, 2009, Coventry informed Wasko that its decision to rescind coverage stood.  (Id. ¶ 34).

Wasko filed her complaint in the Court of Common Pleas of Monroe County, Pennsylvania.  (Compl. (Doc. 1-2)).  The complaint asserts a claim

2

for bad faith under 42 PA. CONS. STAT. ANN. § 8371 (Count I) and a claim for breach of contract (Count II).  (Id.)  On April 1, 2011, Coventry removed the action to this court.  (Notice of Removal (Doc. 1)).  Coventry then filed this motion to dismiss on April 8, 2011.  (Doc. 2).  The parties have briefed the motion, bringing the case to its present posture.

**JURISDICTION**

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has removal jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

As a federal court sitting in diversity, we must apply state law.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  In this case, the relevant state is Pennsylvania.  If the state supreme court has not yet addressed an issue before us, we must predict how that court would rule if presented with that issue.  Nationwide v. Mutual Ins. Co., 230 F.3d 634, 637 (3d Cir. 2000).  In so doing, we must examine the opinions of the lower state courts, and we cannot disregard them unless we are convinced by other persuasive data that the highest court would rule otherwise.  Id.

**LEGAL STANDARD**

A 12(b)(6) motion tests the sufficiency of a complaint's allegations.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim

to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit requires the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

 The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, "we are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, -- U.S. --,  129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

 To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).[1]

---

[1] Coventry's motion is titled as seeking, in the alternative to a dismissal of plaintiff's claims, a more definite statement under Federal Rule of Civil Procedure 12(e).  "Although the motion for a more definite

4

**DISCUSSION**

Coventry moves to dismiss Wasko's claims for bad faith and for breach of contract. We will address each argument, in turn.

**1. Motion to Dismiss Bad Faith Claim**

Pennsylvania's insurance bad faith statute, 42 PA. CONS. STAT. ANN. § 8371, authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Id. Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds
> of a policy; it is not necessary that such refusal be
> fraudulent. For purposes of an action against an
> insurer for failure to pay a claim, such conduct
> imports a dishonest purpose and means a breach of
> a known duty (*i.e.*, good faith and fair dealing),
> through some motive of self-interest or ill will; mere
> negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Northwestern Mut. Life Ins. Co. v.

---

statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F. 2d 795, 797 (3d Cir. 1967). The court is confident that the defendant will be able to frame a responsive pleading to the complaint. Accordingly, this request will be denied.

Babayan, 430 F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

We determine that Wasko has adequately pled a bad faith cause of action. In Paragraph 38(a) Wasko alleged that Coventry "denied benefits to plaintiff based on the frivolous and unsubstantiated claim of fraud by the insured." (Compl. ¶ 38(a)). Wasko also alleged that Coventry "failed or refused to investigate [her] application until the insured filed a financially significant claim." (Id. ¶ 38(b)). Read in conjunction with Wasko's factual averments, these allegations satisfy the elements of a cause of action under Section 8371. She has alleged that Coventry did not have a basis for denying coverage– that is, that Wasko adequately informed Coventry of her medical history and that Coventry agreed to provide coverage with knowledge of Wasko's back pain and treatment. Having been so informed, Coventry would also know that it did not have a reasonable basis to deny coverage. Accordingly, defendant's motion will be denied.

**2. Motion to Dismiss Breach of Contract Claim**

Coventry also seeks to have Wasko's claim for breach of contract dismissed. Under Pennsylvania law, which governs this case, "a plaintiff must allege (1) the existence of a contract, including its essential terms, (2)

a breach of a duty imposed by the contract, and (3) resultant damages. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003).

    Coventry argues that Wasko has failed to state a claim for breach of contract because she does not identify which provision was breached. Coventry argues that Wasko never alleged that termination/recision was a breach.

    We determine that Wasko has sufficiently alleged a claim for breach of contract. She alleged the existence of a contract between Coventry and herself– in return for Wasko's premiums, Coventry would provide the benefits described in the attachment to Wasko's complaint. (See Compl. ¶¶ 3-11; Ex. B (Doc. 1-2)). Wasko alleged that "[Coventry] breached the contract of health insurance by denying her the benefits due and owing on proper demand." (Compl. ¶ 42). Accordingly, Coventry's motion to dismiss will be denied.

**CONCLUSION**

    For the reasons stated above, the defendant's motion to dismiss will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHANIE L. WASKO,** | : 3:11cv618 |
| Plaintiff | : |
| | : (Judge Munley) |
| v. | : |
| **COVENTRY HEALTH AND LIFE INSURANCE COMPANY** *d/b/a HealthAmerica*, | : |
| Defendant | : |

## ORDER

**AND NOW**, to wit, this 27th day of September 2011, upon consideration of Defendant Coventry Health and Life Insurance Company's motion to dismiss the complaint, or, alternatively, for a more definite statement (Doc. 2), it is HEREBY **ORDERED** that the motion is **DENIED**.

                                          **BY THE COURT:**

                                          **S/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY
                                          United States District Court**